# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | |
|---|---|
| Jennifer Trapp ) | |
|    *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Equifax Information Services, LLC ) | |
|    *Defendant* ) | |
| Serve: ) | |
|    Corporation Service Company ) | |
|    421 West Main Street ) | |
|    Frankfort, KY 40601 ) | |
| ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint for damages for Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"); and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Woodford County, Ky., which is located within this District.

### PARTIES

3. Plaintiff Jennifer Trapp is a natural person who resides in Boyle County, Ky. Ms. Trapp is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309 that is registered to do business with Kentucky Secretary of State and a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

5.	On June 20, 2012, Ms. Trapp filed for Chapter 7 Bankruptcy relief in the U.S. Bankruptcy Court for the Northern District of Florida, Case No. 12-50319 (the "Trapp Bankruptcy").

6.	On her petition in the Trapp Bankruptcy, Ms. Trapp listed a debt to Tyndall Federal Credit Union ("Tyndall FCU").

7.	Ms. Trapp did not reaffirm the Tyndall FCU debt in the Trapp Bankruptcy.

8.	The Bankruptcy Court issued a discharge in the Trapp Bankruptcy on December 7, 2012.

9.	After receiving the discharge, Ms. Trapp began taking steps to right her economic ship.

10.	On or about March 7, 2017, Ms. Trapp applied for a home loan.

11.	Ms. Trapp's loan application was denied based on credit information contained in her consumer credit reports.

12.	After the denials, Ms. Trapp reviewed the tri-merged credit report on which the loan denial was based.

13.	Ms. Trapp was dismayed to discover several tradelines that were being misreported on her consumer credit reports, including tradelines concerning debts discharged in the Trapp Bankruptcy.

14.	In particular, Ms. Trapp discovered an inaccurate tradelines being reported for Tyndall FCU that failed to reflect that the underlying debt had been discharged in Ms. Trapp's Chapter 7 Bankruptcy. The Tyndall FCU tradeline on her Equifax Information Services, LLC ("Equifax") credit report listed the "current status" of the debt as "charge-off" with an outstanding balance due of "$5,751."

15.	Upon finding the false and inaccurate credit information on her tri-merged credit report, on June 7, 2017, Ms. Trapp sent a letter to Equifax disputing Tyndall FCU tradeline on grounds that the debt was included in her petition and discharge in the Trapp Bankruptcy.

16.	In response to her dispute, Equifax failed to correct the negative credit information furnished by Tyndall FCU. After processing Ms. Trapp's dispute, Experian continued to report the

Tyndall FCU tradeline thusly:

| | |
|---|---|
| Name: TYNDALL FEDERAL CR U  Acct #: 19650XXXX | Credit Limit: n/a   Date Reported: 06/27/2017 |
| Date Opened: 09/01/2011  Balance: $5,751 | Past Due: $0   Acct Status: CHARGE-OFF |

**TYNDAL FEDERAL CU**
PO Box 59760
Panama City, FL 32412-0760

| | | | |
|---|---|---|---|
| Account Number: | 19650XXXX | Current Status: | CHARGE-OFF |
| Account Owner: | Individual Account. | High Credit: | N/A |
| Type of Account: | Installment | Credit Limit: | N/A |
| Terms Duration: | 60 Months | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 09/01/2011 | Balance: | $5,751 |
| Date Reported: | 06/27/2017 | Amount Past Due: | $0 |
| Date of Last Payment: | 01/2013 | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $413 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 06/2012 | Months Reviewed: | 67 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | $0 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | yes |
| Date of First Delinquency: | 05/2012 | | |
| Comments: | Charged off account, Voluntary surrender, there may be a balance due, Fixed rate, | | |

**81-Month Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2017 | CO | CO | CO | CO | CO | | | | | | | |
| 2016 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2015 | * | * | * | * | * | CO | CO | CO | CO | CO | CO | CO |
| 2014 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2013 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2012 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2011 | | | | | | | | | * | * | * | * |

17.     The above tradeline appeared on Ms. Trapp's September 8, 2017 Equifax credit report, which Ms. Trapp requested and reviewed for purposes of and in expectation of re-applying for a home loan.

18.     Ms. Trapp has been advised that she will not be successful in applying for a home loan or credit on favorable terms as long as the false and inaccurate Tyndall FCU tradeline remains on her credit report.

## CLAIMS FOR RELIEF

**I.    Violation of 15 U.S.C. § 1681i(1)**

19.     Equifax Information Services, LLC violated 15 U.S.C. § 1681i(1) by failing to

conduct a reasonable investigation of Ms. Trapp's dispute concerning the inaccurate credit information furnished by Tyndall FCU which failure resulted in Equifax continuing to inaccurately report that the Tyndall FCU tradeline was a current collection account with a balance due and owing.

20. Due to the failure of Equifax to conduct a reasonable investigation as set forth *supra,* Ms. Trapp suffered actual damages in the form of a lowered credit score, denial of credit, as well as frustration, irritation, and emotional upset and distress

21. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

22. In the alternative, Equifax's conduct, actions and inactions were negligent, rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**II.     Violation of 15 U.S.C. § 1681e(2)**

23. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Trapp and the accuracy of tradelines it published to its users and subscribers. In particular, Equifax failed to note in its published reports that some of the tradelines it was reporting had been discharged in the Trapp Bankruptcy.

24. As a result of Equifax's failure to conduct a reasonable investigation of Ms. Trapp's dispute, Ms. Trapp suffered actual damages in the form of a lowered credit score, denial of credit, frustration, irritation, and emotional upset and distress

25. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs since Equifax was on clear notice that the failure to update public records with respect to judgments was problematic for Equifax and since other lawsuits raising the same issue and failure had been filed against Equifax and Equifax found liable for same in this and other jurisdictions.

26. In the alternative, Equifax's conduct, actions and inactions were negligent, rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jennifer Trapp requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n;

2. Award Plaintiff actual damages against under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

3. Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

4. Award Plaintiff Attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com